AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1                                                                                  (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| MICHAEL STRAIN | CASE NUMBER:        3:08-cr-45-LRH(RAM) |
| | USM NUMBER:        43113-048 |

**DATE OF ORIGINAL JUDGMENT**: September 21, 2009        Steve Sexton
**(or Date of Last Amended Judgment)**                           Defendant's Attorney

**REASON FOR AMENDMENT**:

( ) Correction of Sentence on Remand
    (18:3742(f)(1) & (2))
( ) Reduction of Sentence of Changed Circumstances
    Fed.R.Crim.P. 35(b))
( ) Correction of Sentence by Sentencing Court
    (Fed.R.Crim.P. 35(a))
(✓) Correction of Sentence for Clerical Mistake
    (Fed.R.Crim.P. 36)

( ) Modification of Supervision Conditions (18 U.S.C. § 3563(c)
    OR 3583(e)).
( ) Modification of Imposed Term of Imprisonment for Extraordinary
    and Compelling Reasons (18 U.S.C. § 3582(c)(1))
( ) Modification of Imposed Term of Imprisonment for
    Retroactive to the Sentencing Guidelines 18 U.S.C. § 3582(c)(2))
( ) Direct Motion to District Court Pursuant to ( ) 28 U.S.C. § 2255,
    ( ) 18 U.S.C. § 3559(c)(7)
( ) Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT**:
( ✓ )    pled guilty to the Misdemeanor Information
(  )    pled nolo contendere to count(s)_____ which was accepted by the court.
(  )    was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1701 | Obstruction of Mails Generally | 5/6/08 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

(  )    The defendant has been found not guilty on count(s)
( ✓ )    All remaining counts are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material changes in economic circumstances.



OCTOBER 19, 2009
Date of Imposition of Judgment

Signature of Judge

LARRY R. HICKS
U.S. DISTRICT JUDGE
Name and Title of Judge

10/20/05
Date

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 1

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL STRAIN | Judgment - Page _2_ |
| CASE NUMBER: | 3:08-cr-45-LRH(RAM) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total  term of: <u>TIME SERVED</u>

( )    The court makes the following recommendations to the Bureau of Prisons:

( )    The defendant is remanded to the custody of the United States Marshal.

( )    The defendant shall surrender to the United States Marshal for this district:
        ( )    at _____ a.m./p.m. on _____
        ( )    as notified by the United States Marshal.

( )    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ( )    before 2 p.m. on _____
        ( )    as notified by the United States Marshal.
        ( )    as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____


Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


UNITED STATES MARSHAL

BY:      _____
        Deputy United States Marshal

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL STRAIN | Judgment - Page 3 |
| CASE NUMBER: | 3:08-cr-45-LRH(RAM) | |

## **SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of TWO (2) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

( )    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

( )    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

( )    The defendant shall cooperate in the collection of DNA as directed by the probation office. (Check, if applicable.)

( )    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation office. (Check, if applicable.)

( )    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation office;

2)    the defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation office;

4)    the defendant shall support his or her dependants and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation office at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation office;

10)    the defendant shall permit a probation office to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation office;

11)    the defendant shall notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement office;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation office, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation office to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
       Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL STRAIN | Judgment - Page __4__ |
| CASE NUMBER: | 3:08-cr-45-LRH(RAM) | |

## SPECIAL CONDITIONS OF SUPERVISION

1.    Warrantless Search - The defendant shall submit his person, property, residence or automobile under his control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

2.    Substance Abuse Treatment - The defendant shall participate in, and successfully complete, a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing or outpatient counseling, as approved and directed by the probation officer. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay. As part of this treatment, the defendant shall enter and complete a 28 day residential inpatient treatment program.

3.    Alcohol Abstinence - Defendant shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants.

4.    Gambling Prohibition - The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer.

5.    Gambling Addiction Treatment - The defendant shall refrain from any form of gambling and shall participate in a program for the treatment of gambling addiction, at his own expense, as approved and directed by the probation officer, based upon his ability to pay.

6.    Report to Probation Officer After Release from Custody - Defendant shall report, in person, to the probation office in the district to which he is released within 72 hours of discharge from custody.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
      Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL STRAIN | Judgment - Page _5_ |
| CASE NUMBER: | 3:08-cr-45-LRH(RAM) | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $10.00 | $WAIVED | $N/A |
| | Due and payable immediately. | | |

( )    On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )    The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court Attn: Financial Office Case No. 333 Las Vegas Boulevard, South Las Vegas, NV 89101 | | | |
| TOTALS    : | $_____ | $_____ | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

      the interest requirement is waived for the:  ( ) fine  ( ) restitution.
      the interest requirement for the:  ( ) fine  ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.